**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**OCALA DIVISION**

**KENEISHA SMITH and JAVEOUS INGRAM,**

     **Plaintiffs,**

**v.**                                                                 **Case No: 5:25-cv-558-PGB-PRL**

**FLORIDA HEALTH ADVISORS, INC., PRESIDENT JASON J. MONDAY, and JOHN DOE CALLERS 1-10,**

     **Defendants.**

                                           

### ORDER

This cause comes before the Court on Plaintiffs' Motion for Leave to Effect Service by Alternative Means (Doc. 16) and Plaintiffs' Motion for Extension of Time to Effect Service of Process (Doc. 15). Plaintiffs request that the Court permit alternative service on (1) Defendant Florida Health Advisors, Inc. ("Florida Health Advisors") by "certified mail, return receipt requested, to . . . [its] principal business address on file with the Florida Department of State" and/or "upon any officer, managing or general agent, or person in charge at the business location"; and (2) Defendant President Jason J. Monday ("Jason Monday") by certified mail to his last known residential address, email to the "email addresses used by [him] in connection with Florida Health Advisors," and/or "[a]ny other method the Court deems reasonably calculated to provide actual notice," citing prior failed service attempts. (Doc. 16 at pp. 2-5). Plaintiffs also request an extension of 60 days to effect service on Florida Health Advisors and Jason Monday. (Doc. 15 at p. 5). For the reasons explained below, Plaintiffs' Motion for Leave to Effect Service by Alternative Means is due

to be denied without prejudice, and Plaintiffs' Motion for Extension of Time to Effect Service of Process is due to be granted.

## I.    BACKGROUND

On September 12, 2025, Plaintiffs, proceeding *pro se*, initiated this action against Florida Health Advisors, Jason Monday, and John Doe Callers 1-10 (collectively, the "Defendants") by filing a "Complaint for Damages and Injunctive Relief," alleging violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.*; the Florida Telephone Solicitations Act, Fla. Stat. § 501.059 *et seq.*; and the Florida Deceptive and Unfair Trade Practices Act, Fla. Stat. § 501.201 *et seq.* (Doc. 1).

On December 17, 2025, the Court ordered Plaintiffs to show cause on or before December 31, 2025, why the complaint against the Defendants should not be dismissed for failure to effect proper service on Defendants within the 90 days allowed by Federal Rule of Civil Procedure 4(m) or as further extended by the Court. (Doc. 12). Plaintiffs filed a response to the Court's Order to Show Cause on December 29, 2025, stating that they attempted to serve Florida Health Advisors and Jason Monday multiple times before the issuance of the Court's Order to Show Cause, but were unsuccessful in doing so. (Doc. 13). In their response, Plaintiffs requested authorization to serve Florida Health Advisors "through the Florida Secretary of State pursuant to applicable Florida law" and Jason Monday through "substitute service . . . pursuant to applicable Florida law," as well as an extension of time to effect service of process on Florida Health Advisors and Jason Monday. (*Id.* at p. 2). That same day, the Court directed Plaintiffs to file an appropriate motion that complies with all applicable rules and laws, to the extent that Plaintiffs sought affirmative relief in their response to the Order to Show Cause. (Doc. 14).

Plaintiffs now ask the Court to authorize myriad forms of alternative service on Florida Health Advisors and Jason Monday (Doc. 16) and request an extension of 60 days to effect service of process on them. (Doc. 15). In support of their motions, Plaintiffs filed a Notice of Filing Exhibits, attaching proofs of service evidencing their previous attempts to serve Florida Health Advisors and Jason Monday on September 22, 2025, October 9, 2025, and November 3, 2025. (Doc. 17).

II.    **DISCUSSION**

### A. Motion for Leave to Effect Service by Alternative Means

Plaintiffs seek leave to effect service on Florida Health Advisors and Jason Monday by alternative means. (Doc. 16). Plaintiffs state that despite their diligent and repeated efforts, they have been unable to effect service on Florida Health Advisors and Jason Monday. (*Id.* at pp. 2-4). They contend that service was attempted at all known and discoverable addresses, including the principal business address of Florida Health Advisors located at 3825 Henderson Boulevard, 202B, Tampa, FL 33629 ("Henderson Boulevard 202B Address"); the address of Florida Health Advisors' registered agent, Jason Monday, listed with the Florida Department of State, which is 3825 Henderson Boulevard, 603, Tampa, FL 33629 ("Henderson Boulevard 603 Address");[1] and other residential addresses associated with Jason Monday, including 3807 W. Barcelona Street, Tampa, FL 33629 ("Barcelona Street Address") and 2608 N. Dundee Street, Tampa, FL 33629 ("Dundee Street Address"). (*Id.* at p. 3; *see* Doc. 17 at pp. 5-8). As a result of their failed prior service attempts, Plaintiffs assert

---

[1] *Available* at https://search.sunbiz.org/Inquiry/CorporationSearch/ByName, by entering "Florida Health Advisors, Inc." into the entity name field on the website for Florida Department of State, Division of Corporations.

that alternative service is warranted to "prevent [Florida Health Advisors and Jason Monday] from benefitting from relocation, evasion, or failure to maintain accurate service information." (Doc. 16 at p. 4).

### i.   Defendant Florida Health Advisors, Inc.

Plaintiffs request authorization for alternative service on Florida Health Advisors by "certified mail, return receipt requested, to . . . [its] principal business address on file with the Florida Department of State" and/or "upon any officer, managing or general agent, or person in charge at the business location." (*Id.* at p. 5). Plaintiffs do not cite or provide any applicable Florida law in support of their request.

Federal Rule of Civil Procedure 4 includes specific procedural requirements for effecting service of process on individual and corporate defendants. *See generally* Fed. R. Civ. P. 4. For a corporate defendant, Rule 4(h) requires service "by delivering a copy of the summons and . . . complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant[.]" *See* Fed. R. Civ. P. 4(h)(1)(B); *see also Guante v. Resposito*, No. 15-CIV-61542, 2016 WL 2621451, at *1 (S.D. Fla. Jan. 5, 2016) ("Rule 4(h) does not provide that an artificial entity [such as a corporation] may be served solely by certified mail."). A corporate defendant may also be served by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made[.]" *See* Fed. R. Civ. P. 4(e)(1), (h)(1)(A).

Florida law provides various methods for substitute or alternative service for individuals and corporations. *See, e.g.*, Fla. Stat. §§ 48.031, 48.062, 48.102, and 48.161.

Relevant here, in certain circumstances, substitute service of process may be effectuated under Fla. Stat. § 48.161 upon a nonresident or party who conceals their whereabouts. *See EHR Aviation, Inc. v. Lawson*, No. 3:09-cv-210-J-32TEM, 2011 WL 46119, at *1 (M.D. Fla. Jan. 6, 2011) (citations omitted).[2] Section 48.161 permits substitute service only "after exercising due diligence to locate and effectuate personal service." *See* Fla. Stat. § 48.161(2). A party is considered "to have used due diligence" if it (1) "[m]ade [a] diligent inquiry and exerted an honest and conscientious effort appropriate to the circumstances to acquire the information necessary to effectuate personal service"; (2) "reasonably employed the knowledge at the party's command, including knowledge obtained pursuant to paragraph (a) [above]"; and (3) "[m]ade an appropriate number of attempts to serve the party[] . . . [under] the particular circumstances[.]" *See* Fla. Stat. § 48.161(5). Moreover, under Florida law, substitute service of process "may be made on an individual doing business as a sole proprietorship at [their business location], . . . by serving the person in charge of the [individual's] business at the time of service if two attempts to serve the owner are made at the place of business." *See* Fla. Stat. § 48.031(2)(b).

A party "seeking to effectuate substituted service must demonstrate that substituted service is proper." *See MSR Media Skn Ltd. v. Khan*, No. 8:24-cv-1248-KKM-AAS, 2024 WL 4728372, at *2 (M.D. Fla. Oct. 25, 2024). Given the due process concerns attendant to substitute service, "strict compliance" with the statutory provisions for substituted service is required. *See Great Am. Assurance Co. v. Walters*, No. 3:15-CV-1008-J-39JBT, 2016 WL 9526443, at *2 (M.D. Fla. Apr. 14, 2016) (quoting *Hernandez v. State Farm Mut. Auto Ins. Co.*,

---

[2] Plaintiffs do not expressly state their reliance on Fla. Stat. § 48.161, but that appears to be the applicable statute based on their assertions and requested relief in the motion. (Doc. 16).

32 So. 3d 695, 698 (Fla. Dist. Ct. App. 2010)); *see also Greenridge v. Fla. Dep't of Revenue*, No. 8:25-cv-927-KKM-TGW, 2025 WL 1615446, at *1 (M.D. Fla. June 6, 2025). To comply with due process and pass constitutional muster, notice must be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *See Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950) (citations omitted). "The decision to approve service by alternative means lies within the Court's discretion." *InkGraph Techno, LLC v. Tripathy*, No. 8:20-cv-2554-SCB-JSS, 2021 WL 1047467, at *1 (M.D. Fla. Feb. 8, 2021) (citing *Berluti SA v. BerlutiShoeOutlet.com*, No. 20-60708, 2020 WL 6078055, at *1 (S.D. Fla. Apr. 9, 2020)).

As noted above, Florida law allows substitute service on an individual doing business as a sole proprietorship at the business location by serving the person in charge of the individual's business in certain circumstances. *See* Fla. Stat. § 48.031(2)(b); *see also* Fed. R. Civ. P. 4(h)(1)(B) (permitting service on a corporate defendant by serving "an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process"). In this case, Plaintiffs offer nothing to support that an individual is doing business as a sole proprietorship that would permit alternative service of process in the manner allowed for a sole proprietorship under Florida law. *See GS Holistic, LLC v. Martin & Co. Inc.*, No. 3:22-cv-1362-HES-PBD, 2023 WL 11932261, at *3 (M.D. Fla. June 12, 2023). As such, Plaintiffs' request to allow alternative service on Florida Health Advisors by serving "any officer, managing or general agent, or person in charge at the business location" is due to be denied.

Likewise, Plaintiffs' request to permit alternative service on Florida Health Advisors by certified mail to its principal business address listed on the Florida Department of State is

also due to be denied. Plaintiffs have cited only three attempts to effectuate service on Florida Health Advisors. First, on September 22, 2025, Plaintiffs' process server attempted service on Florida Health Advisors at its principal place of business located at the Henderson Boulevard 202B Address, where the process server "spoke with an individual who identified themselves as the person in charge and they stated [that the] subject moved." (Doc. 17 at p. 6). Second, on October 9, 2025, Plaintiffs' process server attempted service via Florida Health Advisors' registered agent, Jason Monday, at the Barcelona Street Address, where the process server "[s]poke to [a] Latina female [in her] mid 40s" who "identified [herself] as the resident and [she] stated [that the] subject [was] unknown." (*Id.* at p. 7). Finally, on November 3, 2025, Plaintiffs' process server attempted service via Florida Health Advisors' registered agent, Jason Monday, at the Dundee Street Address, where the process server "spoke with an individual who identified themselves as the resident and they stated [that the] subject moved." (*Id.* at p. 8). Notably, no such effort was made to serve Florida Health Advisors' registered agent at the Henderson Boulevard 603 Address. Plaintiffs have not shown that Florida Health Advisors or its registered agent is concealing their whereabouts, nor have they provided any facts indicating a deliberate attempt by Florida Health Advisors or its registered agent to avoid service. *See Khan*, 2024 WL 4728372, at *3 (determining plaintiffs failed to demonstrate concealment, where "plaintiffs' evidence in th[e] case d[id] not establish that [defendant] knew of the efforts to serve him and hid accordingly. Instead, the evidence merely prove[d] that [defendant] was not present at any of the addresses. But absence alone does not provide enough to conclude that [defendant] is concealing his whereabouts").

Further, Plaintiffs fail to demonstrate that they exercised due diligence required by Florida law in attempting to locate and effectuate service on Florida Health Advisors. *See* Fla.

Stat. § 48.161(5). The only evidence Plaintiffs have presented to the Court is that they hired a process server who was unable to locate Florida Health Advisors' registered agent, and that the registered agent could not be located. Specifically, Plaintiffs' process server only attempted service on three separate occasions (once at Florida Health Advisors' principal place of business and twice via Florida Health Advisors' registered agent), but once Plaintiffs learned that Florida Health Advisors' registered agent might have moved and was otherwise "unknown," they stopped investigating. (*See* Doc. 17 at pp. 5-8). Plaintiffs' process server did not attempt to serve Florida Health Advisors' registered agent at the Henderson Boulevard 603 Address. Such efforts are not sufficient under the circumstances. *See Khan*, 2024 WL 4728372, at *3 (finding plaintiffs failed to show that they exercised due diligence, where plaintiffs located only three potential addresses for defendant, and "once the plaintiffs learned that [defendant] may be out of the country, they stopped investigating"); *cf. Verizon Trademark Servs., LLC v. Producers, Inc.*, No. 8:10-cv-665-T-33EAJ, 2011 WL 3296812, at *5 (M.D. Fla. Aug. 2, 2011) (finding plaintiff's attempts for personal service diligent when, after multiple unsuccessful attempts at personal service were made, plaintiff's counsel ordered surveillance of the defendant's home and interviewed neighbors); *Robb v. Picarelli*, 319 So. 2d 645, 646-47 (Fla. 3d DCA 1975) (determining plaintiff exercised due diligence in attempting service on defendant after contacting the defendant's family members, employing private detectives, and checking online databases like the Florida Registry of Motor Vehicles, the National Crime Center, and various local police departments). Among other issues, Plaintiffs' motion does not explain what efforts were made to identify appropriate addresses for Florida Health Advisor's registered agent.

Moreover, to the extent Plaintiffs seek leave to serve Florida Health Advisors through substituted service on the Florida Secretary of State, Plaintiffs do not need permission for such substituted service because Florida law allows service on the Florida Secretary of State for corporations registered in Florida. *See* Fla. Stat. § 48.081; *Duraserv LLC v. Action Garage Door Repair Corp.*, No. 2:24-cv-996-JLB-KCD, 2024 WL 4905441, at *1 (M.D. Fla. Nov. 27, 2024); *see also Gov't Emps. Ins. Co. v. Utter*, No. 6:23-cv-943-CEM-EJK, 2024 WL 1156544, at *2 (M.D. Fla. Mar. 18, 2024).

### ii.    Defendant President Jason Monday

Plaintiffs next request authorization for alternative service on Jason Monday by certified mail to his last known residential address, email to the "email addresses used by [him] in connection with Florida Health Advisors," and/or "[a]ny other method the Court deems reasonably calculated to provide actual notice." (Doc. 16 at p. 5). Plaintiffs do not cite or provide any applicable Florida law in support of their request.

For an individual defendant, Rule 4(e) states, in relevant part, that an individual may be served in a judicial district of the United States by following the law of the state where the district court is located or where service is made. *See* Fed. R. Civ. P. 4(e)(1). The Federal Rules of Civil Procedure allow for alternative service of process by certified mail and/or email only if Florida law permits it. *See Birmingham v. Doe*, 593 F. Supp. 3d 1151, 1157-58 (S.D. Fla. 2022). To that end, "Florida law *does* permit 'substituted service,' which would allow [a plaintiff] to 'mail a copy of the summons and complaint to the defendant by registered or certified mail.'" *See Johnson as Trustee of Levar Curtis Johnson Tr. v. Eleftherio*, No. 24-cv-23366, 2024 WL 5085839, at *3 (S.D. Fla. Dec. 12, 2024) (emphasis in original) (quoting *Wise v. Warner*, 932 So. 2d 591, 592 (Fla. 5th DCA 2006)). Florida law mentions electronic

transmission when discussing substitute service for nonresidents or parties who conceal their whereabouts, *see* Fla Stat. § 48.161(1), but courts have expressed doubt that "Florida's substituted-service statute allows for service by email," *see Johnson*, 2024 WL 5085839, at *9 n.3; *see, e.g.*, *Wells Fargo Bank, N.A. v. Berfa Tires Co.*, No. 6:20-cv-2218-WWB-GJK, 2021 WL 8895131, at *2 (M.D. Fla. May 19, 2021) (denying plaintiff's request to serve defendant via email because Florida law "does not permit service by email"); *Bodner v. Thunderbird Prod. Corp.*, No. 5:19-cv-351-TKW-MJF, 2019 WL 13154859, at *1 (N.D. Fla. Oct. 28, 2019) (stating that "Florida law does not provide for service of process by email"); *Walker v. Bubbly Brands, LLC*, No. 1:20-cv-03348, 2021 WL 3291333, at *2 (N.D. Ga. Aug. 2, 2021) (refusing to allow email service on a defendant located in Florida because the "Florida rules do not provide a mechanism for service of process by email"). As such, Plaintiffs may only use substituted service if Jason Monday is concealing his whereabouts and if Plaintiffs have exercised due diligence to locate and effectuate personal service. *See Johnson*, 2024 WL 5085839, at *3 (citing Fla. Stat. § 48.161).

As discussed above, Plaintiffs fail to demonstrate that Jason Monday, who is listed as Florida Health Advisors' registered agent on the Florida Department of State, is concealing his whereabouts, and Plaintiffs have not shown that they exercised due diligence as required by Florida law in attempting to locate and effectuate service on Jason Monday. As Plaintiffs have not met the strict requirements of Fla. Stat. § 48.161 (or even cited applicable Florida law in their motion), Plaintiffs' request to serve Jason Monday by alternative means is due to be denied. *See, e.g.*, *Johnson*, 2024 WL 5085839, at *3 (denying plaintiff's request for alternative service of process "by certified mail to defendant's last known addresses, [and] by

emailing verified email addresses" because plaintiff failed to allege that defendants were concealing their whereabouts).

**B. Motion for Extension of Time to Effect Service of Process**

Given that the time for service under Federal Rule of Civil Procedure 4(m) has now expired, Plaintiffs request an extension of time to serve Florida Health Advisors and Jason Monday. (Doc. 15). Based on Plaintiffs' representations made in the motion, the Court finds that an extension is warranted here. The Court will permit Plaintiffs an extension of 60 days to effect service on Florida Health Advisors and Jason Monday, or in the alternative, to file a renewed motion demonstrating, with citation to legal authority, that substitute service is proper.

**III.  CONCLUSION**

Accordingly, it is **ORDERED** that:

(1) Plaintiffs' Motion for Leave to Effect Service by Alternative Means (Doc. 16) is **DENIED without prejudice**.

(2) Plaintiffs' Motion for Extension of Time to Effect Service of Process (Doc. 15) is **GRANTED**. Plaintiffs' deadline to effect service of process on Florida Health Advisors, Inc. and President Jason J. Monday is extended to **April 13, 2026**.

- 12 -

**DONE** and **ORDERED** in Ocala, Florida on February 10, 2026.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties

- 12 -